IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANIEL LICKTEIG                                                                    PLAINTIFF

V.                              CASE NO. 5:20-CV-05178

BANK OZK; FIRST SECURITY BANK;
ARVEST BANK; IBERIA BANK; GRAND
SAVINGS BANK; and BANK OF AMERICA                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Daniel Lickteig ("Lickteig") filed this *pro se* declaratory judgment action pursuant to the Declaratory Judgment Act, the Civil Rights Act of 1964, and 42 U.S.C. § 1988. Lickteig was granted leave to proceed *in forma pauperis* ("IFP"). Lickteig seeks a declaratory judgment that the Defendant banks[1] violated his rights under both the Arkansas and United States Constitutions by discriminating against him on the basis of religion in conditioning the opening of a bank account on the provision of his social security number ("SSN"). The case is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 2), Lickteig "sojourns on private lands of Arkansas, and outside the territorial jurisdiction of the United States" and "outside State of Arkansas legislative territorial jurisdiction." *Id.* at 1. Further, he alleges he is a "man born outside of the territorial jurisdiction of the United States on

---

[1] Lickteig did not list the banks as Defendants in the style of his Complaint; however, he identified them in the body of the Complaint. (Doc. 2, pp. 2–3). The banks he named will therefore be treated as Defendants.

1

Pennsylvania." *Id.* at 2.

Lickteig alleges that for the purpose of opening a bank account, he approached each of the Defendant banks. He filled out the initial paperwork to open an account identifying himself by name, address, birth certificate, government issued identification, and religion. In each case, he was asked for his SSN. He was told that the laws of the United States required him to provide an SSN to open a bank account. *Id.* Lickteig took the position that "his religion forbid[s] him to participate" with the SSN "and furthermore he was not a US Person subject to the territorial legislation of Congress." *Id.* at 3. Each bank refused to open an account for him "stating that they were required to have a Social Security Number regardless of his religion or his identity as not a US person." *Id.* Lickteig contends the banks "deprived him of his civil liberties of banking in the realm of the private land and property proper to Arkansas, outside of the territorial jurisdiction of the United States." *Id.* at 4.

## II.  LEGAL STANDARD

On initial review, the Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court is obligated to screen an IFP case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III.  DISCUSSION

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declarations." 28 U.S.C. § 2201. The Declaratory Judgment Act "does not create any new substantive right but rather creates a procedure for adjudicating existing rights." *Western Cas. & Sur. Co. v. Herman*, 405 F.2d 121, 124 (8th Cir. 1965). The Court must therefore look to the other statutory grants of jurisdiction relied on by Lickteig.

Title VII of the Civil Rights Act of 1964 offers a federal remedy for religious discrimination but only in the context of an employment relationship. 42 U.S.C. § 2000e *et seq.* There is no allegation that Lickteig had an employment relationship with any of the Defendant banks. The other titles of the Civil Rights Act of 1964 deal with voting rights, discrimination in places of public accommodation, desegregation of public facilities and public education, and non-discrimination in federally assisted programs. None of these titles have applicability to this case.

Section 1988 is recognized as a procedural statute and does not create a private

3

cause of action. 42 U.S.C. § 1988; *see, e.g., Stagemeyer v. Cnty. of Dawson*, 205 F. Supp. 2d 1107, 1115 (D. Neb. 2002). Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) each defendant acted under color of state law, and (2) that he violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Lickteig has not alleged that the banks are governmental institutions or that they are acting under color of law or conspiring with state actors. *See, e.g., Dossett v. First State Bank*, 399 F.3d 940 (8th Cir. 2005). No claim for relief is therefore stated under 42 U.S.C. § 1983.

Finally, the requirement that a private individual provide an SSN has been held not to constitute religious discrimination. In *Bowen v. Roy*, 476 U.S. 693 (1986), Roy objected to the statutory requirement that state agencies utilize SSNs in connection with the provision of various state benefits. *Id.* at 699. Roy maintained that the use of his minor daughter's name may harm her spirit. *Id.* The Supreme Court stated that the "Free Exercise Clause simply cannot be understood to require the Government to conduct its own internal affairs in ways that comport with the religious beliefs of particular citizens. Just as the Government may not insist that appellees engage in any set form of religious observance, so appellees may not demand that the Government join in their chosen religious practices by refraining from using a number to identify their daughter." *Id.* at 699-700. The Court held that the Government's use of an SSN for his daughter did not "itself impair Roy's 'freedom to believe, express, and exercise' his religion." *Id.* at 700.

4

The statutory requirement that an individual provide an SSN "is wholly neutral in religious terms and uniformly applicable." *Id.* at 701. *See also Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000) (employer's requirement that applicant provide an SSN was a requirement of the government and not the employer's and did not discriminate against employee on religious grounds); *U.S. ex re. Kwami v. Ragnow*, 2009 WL 6560227, at *2–3 (E.D. Va. Feb. 6, 2009) (bank's implementation of a customer identification program, pursuant to the U.S. Patriot Act, requiring the provision of SSNs, did not constitute religious discrimination.).

## IV. CONCLUSION

For the reasons stated, the case is subject to dismissal because Licktieg has failed to state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 9th day of October, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE